J-S55028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA ADAM SERETTI, | |
| Appellant | No. 426 WDA 2015 |

Appeal from the PCRA Order Entered February 13, 2015
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0001099-2011

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 14, 2015**

Appellant, Joshua Adam Seretti, appeals *pro se* from the lower court's February 13, 2015 order denying, as untimely, his second petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In June of 2011, Appellant was charged with two counts each of possession of a controlled substance (heroin), possession with intent to deliver a controlled substance (heroin), and delivery of a controlled substance (heroin).  He was also charged with single counts of criminal conspiracy and criminal use of a communication facility.  Following a jury trial in March of 2012, Appellant was convicted of all of those charges.  On

_____

[*] Retired Senior Judge assigned to the Superior Court.

May 10, 2012, he was sentenced to an aggregate term of 99 to 198 months' incarceration. Based on the weight of the heroin delivered by Appellant on two separate occasions, the court imposed two mandatory minimum terms of incarceration pursuant to 18 Pa.C.S. § 7508(a)(7).[1]

Appellant did not file a direct appeal from his judgment of sentence. However, on October 23, 2012, he filed a *pro se* PCRA petition raising several claims of ineffective assistance of trial counsel. PCRA counsel was appointed and an evidentiary hearing was held. Ultimately, the PCRA court denied Appellant's petition. He filed a timely notice of appeal and, after this Court affirmed the order denying his petition, our Supreme Court denied his petition for permission to appeal. **Commonwealth v. Seretti**, 106 A.3d 155 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 104 A.3d 525 (Pa. 2014).

On January 6, 2015, Appellant filed a second *pro se* PCRA petition, which underlies the present appeal. In that petition, Appellant asserted that his two mandatory minimum sentences are illegal pursuant to **Alleyne**.[2] On

---

[1] In **Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014), this Court held that section 7508 is unconstitutional in its entirety, pursuant to the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), which we discuss in further detail, *infra*.

[2] Appellant styled his petition as a "Writ of *Habeas Corpus*." However, because he challenged the legality of his sentence, which is a cognizable PCRA claim, the court properly treated his filing as a PCRA petition. **See Commonwealth v. Peterkin**, 722 A.2d 638, 640 (Pa. 1998) ("[T]he PCRA subsumes the remedy of *habeas corpus* with respect to remedies offered
*(Footnote Continued Next Page)*

- 2 -

January 22, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, based on the petition's untimeliness. Appellant filed a *pro se* response, essentially reiterating that his mandatory minimum sentences are illegal under **Alleyne**. On February 13, 2015, the PCRA court issued an order denying Appellant's petition as untimely.

Appellant filed a timely, *pro se* notice of appeal, as well as a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he presents two issues for our review:

> I. Was the trial court's imposition of the mandatory minimum sentence under 18 Pa.C.S.A. § 7508(a)(7)(ii) illegal when the factfinder never [found] the facts necassary [*sic*] beyond a reasonable doubt for the imposistion [*sic*] of the mandatory minimum[s,] a[s] required by the United States Supreme Court in **Alleyne**…?
>
> II. Was the decision made by the [United States] Supreme Court via the Supremcy [*sic*] Clause and our state judges bound by the law of the lan[d] namely that **Alleyne**…, a non-waivable unconstitutional applied mandatory minimum sentence?

Appellant's Brief at 4 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v.**

*(Footnote Continued)* ───────────

under the PCRA….”); **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) (“Issues concerning the legality of sentence are cognizable under the PCRA.”) (citation omitted).

*Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant did not file a direct appeal and, therefore, his judgment of sentence became final on June 9, 2012, thirty days after the imposition of his sentence. **See** 42 Pa.C.S. § 9545(b)(3) (stating judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (requiring notice of appeal to "be filed within 30 days after the entry of the order from which the appeal is taken"). Thus, Appellant had until June 9, 2013, to file a timely petition, making his January 6, 2015 petition patently untimely.

Accordingly, for this Court to have jurisdiction to review the merits of Appellant's petition, he must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). This is true despite the fact that Appellant's petition presents a challenge to the legality of his sentence. **See Commonwealth v. Fowler**, 930 A.2d 586, 592 (2007) ("[A]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

In his first issue, Appellant argues that his two mandatory minimum sentences are illegal pursuant to **Alleyne**, in which the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt.

*Alleyne*, 131 S.Ct. at 2163. In Appellant's second issue, he avers that he is "entitled to the retroactive application of *Alleyne*" because "[t]he Constitution and the laws passed pursuant to it are Supreme Laws of the Land," and because the PCRA court's order denying his petition is "in conflict" with *Commonwealth v. Newman*, 999 A.3d 86 (Pa. 2014). Appellant's Brief at 13 (emphasis omitted).

Appellant's claims fail to prove that he has satisfied the timeliness exception of section 9545(b)(1)(iii). This Court recently stated:

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. *Commonwealth v. Phillips*, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012), *citing Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); *see also, e.g.*, *Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]"), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008). Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

*Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). Since

*Miller*, neither our Supreme Court nor the United States Supreme Court has

held that **Alleyne** applies retroactively. As such, Appellant cannot satisfy the exception set forth in section 9545(b)(1)(iii).

Additionally, Appellant's claim that "[t]he Constitution and the laws passed pursuant to it are Supreme Laws of the Land" does not satisfy section 9545(b)(1)(iii), nor any other exception to the PCRA's one-year time-bar. Finally, while Appellant argues that the PCRA court's denial of his legality of sentencing challenge is in conflict with **Newman**, he fails to recognize that **Newman** involved the retroactivity of **Alleyne** in a direct appeal, not in an untimely-filed PCRA petition. **See Newman**, 99 A.3d at 90.

In sum, Appellant has not proven that any of the timeliness exceptions set forth in section 9545(b)(1) apply to his case. Thus, we ascertain no error in the PCRA court's decision to deny Appellant's untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2015

- 7 -